UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN JOSEPH DUPIN                                     CIVIL ACTION

VERSUS

PAT BOOK, ET AL                                           NO. 10-160-D-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, August 10, 2010.

                                          **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JONATHAN JOSEPH DUPIN                                              CIVIL ACTION

VERSUS

PAT BOOK, ET AL                                                           NO. 10-160-D-M2

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Dismiss (R. Doc. 6) filed by the State of Louisiana, through the Office of the District Attorney, 21st Judicial District, Parish of Livingston, State of Louisiana ("the State").  Through this motion, the State seeks to have the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Jonathan Joseph Dupin ("Dupin"), dismissed with prejudice.

**FACTS & PROCEDURAL BACKGROUND**

On October 28, 2008, Dupin pled no contest to one (1) count of manslaughter, a violation of La. R.S. 14:31 in the 21st Judicial District Court, Parish of Livingston.  He waived sentencing delays and was sentenced to ten (10) years at hard labor.  He filed a Motion to Reconsider Sentence on November 26, 2008, which was denied by the trial court on January 12, 2009.  He did not seek direct appellate review of the trial court's decision to the Louisiana First Circuit Court of Appeals or the Louisiana Supreme Court.

On January 4, 2010, he filed an application for post-conviction relief in the state trial court, wherein he asserted claims of an involuntary plea agreement and ineffective assistance of counsel.  His post-conviction relief application was denied by the state trial court on February 4, 2010.  He sought writs to the Louisiana First Circuit Court of Appeals

concerning the denial of his post-conviction relief application, which writ application was denied on April 26, 2010.  Dupin then filed a writ application with the Louisiana Supreme Court on June 16, 2010; however, there is no record that the Louisiana Supreme Court has ruled upon that application as of this date.  Dupin filed the present habeas petition on or about March 5, 2010, in which he asserts the same claims that he raised in his post-conviction relief application.

## LAW & ANALYSIS

Pursuant to 28 U.S.C. §2254(b)(1)(A), an application for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in state courts.  28 U.S.C. §2254(b)(1)(A).  This exhaustion requirement is only satisfied when the substance of a federal habeas claim has been "fairly presented" to the highest state court.  *Smith v. Quarterman*, 515 F.3d 392 (5th Cir. 2008)(The exhaustion of state court remedies requirement mandates that one petitioning for federal habeas relief from a state court conviction must have provided the highest court of the state with a fair opportunity to apply controlling federal constitutional principles to the same factual allegations, before a federal court may review any alleged errors).  Since Dupin did not appeal his conviction and sentence, he did not present the claims asserted in his instant habeas petition to the First Circuit Court of Appeals or the Louisiana Supreme Court for direct appellate review, and because the Louisiana Supreme Court has not yet ruled upon his writ application concerning the denial of his post-conviction relief application, he has not exhausted his claims during post-conviction proceedings.  As a result, his present habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Dismiss (R. Doc. 6) filed by the State of Louisiana, through the Office of the District Attorney, 21st Judicial District, Parish of Livingston, should be **GRANTED IN PART** and that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by Jonathan Joseph Dupin should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Signed in chambers in Baton Rouge, Louisiana, August 10, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**